UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE ESTATE OF VIVIAN MAIER,<br><br>Plaintiff,<br><br>vs.<br><br>GALLERIA CONS ARC, LEICA GALLERY WARSZAWA, and EASTWICK PARTNERS, INC. d/b/a THOMAS MASTERS GALLERY,<br><br>Defendants. | Case No. 17-cv-04913<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

1. This is a copyright infringement case brought by the Estate of Vivian Maier ("the Estate"). Vivian Maier was a Chicago photographer who died in 2008 and who has achieved worldwide posthumous recognition and acclaim. The Estate owns the copyright to all photographs taken by Ms. Maier during her lifetime.

2. From approximately 2012 to 2014, each of the Defendants separately conducted unauthorized exhibitions of works created by Vivian Maier during which unauthorized prints of her unpublished works were exhibited, offered for sale, and/or sold.

3. Defendants' conduct has caused significant injury to the Estate and has resulted in unlawful profits to Defendants. The Estate seeks an injunction against Defendants' further infringement; seizure and forfeiture of all remaining infringing copies and instruments of infringement that may remain in Defendants' possession, custody, or control; and all monetary

remedies available under law, including but not limited to the Estate's damages and Defendants' profits.

## SUMMARY OF THE ALLEGATIONS

4. The Estate seeks injunctive relief, lost profits, damages, costs, and reasonable attorneys' fees for acts of copyright infringement, under the Copyright Act, 17 U.S.C. §§101 et seq., based on Defendants' unlawful exploitation of the Estate's copyrighted works.

5. Defendants' infringing activities caused injury to the Estate, with the effect of permitting Defendants to illegally profit from the unauthorized exploitation of the Estate's copyrighted material.

6. Defendants' conduct contributed to depriving the Estate of control over the manner in which Maier's works would be introduced to the public, curated, published, and commercialized, since none of the works that Defendants have infringed were ever published by Ms. Maier or her Estate.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. The claims asserted herein arose in this judicial district and all arise out of transactions that took place in this judicial district.

9. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Venue is also proper in this judicial district because this is the judicial district in which Defendants Thomas Masters Gallery and its agents may be found. Venue is proper in this judicial district over Galleria Cons Arc and Leica Gallery Warszawa because these defendants are not resident in the United States and may therefore be sued in any judicial district.

## PARTIES

10. David A. Epstein is the Cook County Public Administrator. Pursuant to an order issued by the Circuit Court of Cook County (Probate Division), dated July 1, 2014, and attached as Exhibit A, Epstein is the Supervised Administrator of the Estate of Vivian Maier and is empowered to bring legal actions to protect the assets of the Estate, including its copyright interests. 755 ILL. COMP. STAT. 5/13-4.

11. The Estate is informed and believes and thereon alleges that Galleria Cons Arc, is a company organized and existing under the laws of Switzerland. On information and belief, Galleria Cons Arc has a business address of Via F. Borromini 2 CH 6830 Chicasso, Switzerland.

12. The Estate is informed and believes and thereon alleges that Leica Gallery Warszawa, is a company organized and existing under the laws of Poland. On information and belief, Leica Gallery Warszawa has a business address of Mysia 3 Street, 2nd Floor, 00-496, Warsaw, Poland. On information and belief, Leica Gallery Warszawa's legal representative is Rafal Lochowski at Klaudyny 32c NIP 118-198-10-18.

13. The Estate is informed and believes and thereon alleges that Eastwick Partners, Inc. d/b/a Thomas Masters Gallery is a corporation organized and existing under the laws of Illinois. On information and belief, the Thomas Masters Gallery is located at 245 W. North Ave., Chicago, IL 60610. The registered agent for Eastwick Partners, Inc. is William M. Long, with an address of 77 W. Wacker Dr., Suite 4100, Chicago, IL 60601.

## THE MAIER WORKS

14. Vivian Maier was a photographer who spent most of her life living in the Chicago, Illinois area as a nanny.

15. Maier's photography was never professionally shown or exploited during her lifetime. In fact, the vast majority of the photographs she took were never developed while she was alive.

16. Maier died intestate on April 21, 2009, in Cook County, Illinois.

17.     Maier's estate includes all the personal and real property, tangible and intangible, vested or contingent, including intellectual property, of Vivian Maier.  The estate is subject to probate and distribution to heirs, known or unknown.

18.     Under Illinois law and the Copyright Act, 17 U.S.C. § 201(d)(1), the Estate holds and owns the copyright in works of authorship created by Maier, including but not limited to photographs (including those embodied in undeveloped rolls of color and black and white film, negatives, prints, and contact sheets), audiovisual works, motion pictures, literary works (including letters and correspondence), sound recordings, and other works of authorship.

19.     To date, the Probate Court has not determined the identity of Maier's heir(s), and as of July 1, 2014, the Public Administrator is authorized to act on behalf of the Estate.  See Exhibit A.

## DEFENDANT'S INFRINGING ACTIVITIES

20.     Beginning in approximately 2010, a collector named Jeffrey Goldstein amassed a series of vintage prints made by Maier.  His first purchase was 57 photographs from photography collector Randy Prow.  Eventually, Goldstein would acquire approximately 2,000 vintage prints for his collection.

21.     In approximately 2010, Goldstein acquired through a series of transactions approximately 15% of Maier's known black and white negatives and slides, totaling approximately 20,000 images.  Most of these images were also purchased from Mr. Prow.

22.     Jeffrey Goldstein also obtained the negatives for approximately 1,700 color negatives, along with nearly 300 rolls of undeveloped film, dozens of motion picture reels, and other Maier-related items.

23.     On October 25, 2010, Jeffrey Goldstein founded Vivian Maier Prints, Inc. as a corporation through which he would exploit the Maier negatives and other copyrighted material he had acquired.

24. In early 2011, Goldstein started creating unauthorized prints from the negatives he had begun to process.

25. Starting in approximately March to April 2011, Goldstein began exhibiting and selling the unauthorized, posthumous prints he was creating of Maier's unpublished works for well over $1,000.00 each, and often much higher, through various galleries throughout the United States and Europe. On information and belief, these prints were marked with a stamp of Goldstein's signature on the reverse side as a matter of course.

26. In 2012, Goldstein entered into an agreement with Galleria Cons Arc to sell unauthorized Vivian Maier prints at the Galleria Cons Arc gallery in Chicasso, Switzerland. A copy of the Galleria Cons Arc's agreement with Goldstein is attached as Exhibit B. On information and belief, the Galleria Cons Arc held an exhibition of Maier works, during which unauthorized prints were sold, for a period between September 2012 and September 2014.

27. On information and belief, in 2012, Goldstein entered into an agreement with the Thomas Masters Gallery to sell unauthorized Vivian Maier prints at the Thomas Masters Gallery in Chicago, Illinois. A copy of a "checklist" summarizing the works consigned to the gallery is attached as Exhibit C. On information and belief, the Thomas Masters Gallery held an exhibition of Maier works, during which unauthorized prints were sold, in approximately September and October 2012.

28. In 2014, Goldstein entered into an agreement with Leica Gallery Warszawa to sell unauthorized Vivian Maier prints at the Leica Gallery Warszawa in Warsaw, Poland. A copy of the Leica Gallery Warszawa's agreement with Goldstein is attached as Exhibit D. On information and belief, the Leica Gallery Warszawa held an exhibition of Maier works, during which unauthorized prints were sold, during May and June 2014.

29. On information and belief, Goldstein and Defendants offered and sold their unauthorized prints of Maier's works for prices between $1,800 and $4,500.

30. Neither Defendants, Jeffrey Goldstein, nor Goldstein's company ever sought or received permission from Maier or her Estate to exhibit, reproduce, or sell prints of Maier's work.

## CLAIM FOR RELIEF

## COUNT I - COPYRIGHT INFRINGEMENT

31. The Estate repeats and incorporates by reference the allegations contained in this Complaint as if fully set forth herein.

32. Vivian Maier was the author of each of the original, unpublished photographs[1] registered in the registrations listed below and attached as Exhibit E.

| | |
|---|---|
| VAu001275940 | VAu001275938 |
| VAu001275878 | VAu001275926 |
| VAu001275937 | VAu001275928 |
| VAu001275877 | VAu001275931 |
| VAu001275876 | VAu001275934 |
| VAu001275939 | VAu001275884 |
| VAu001275941 | VAu001275936 |
| VAu001275886 | VAu001275924 |
| VAu001275916 | VAu001275921 |
| VAu001275918 | VAu001275920 |
| VAu001275930 | VAu001275873 |
| VAu001275872 | VAu001275883 |
| VAu001275885 | VAu001275932 |
| VAu001275881 | VAu001275879 |

---

[1] The works contained in the copyright registrations contained in Exhibit G comprise all approximately 18,000 Maier images which Goldstein digitized. An identification of which specific images each Defendant exploited is within the knowledge of each Defendant and will be the subject of discovery. Plaintiff has not attached all 18,000 images because all of these photographs remain unpublished, as defined by the Copyright Act, and attaching all of these images would be burdensome to the Court to receive as exhibits.

| | |
|---|---|
| VAu001278672 | VAu001263400 |
| VAu001278678 | VAu001278676 |
| VAu001278675 | |

33. Each of the photographs contained in the registrations set forth in Exhibit E is copyrightable subject matter under the laws of the United States.

34. Pursuant to Illinois law and the Copyright Act, 17 U.S.C. § 201(d)(1), the Estate of Vivian Maier is the valid copyright holder in all works authored by Vivian Maier during her lifetime, including the works covered by the registrations set forth in Exhibit E.

35. Goldstein had access to the Maier Works through his purchase of negatives, slides, and other objects embodying Maier's photographs and other works of authorship in 2010 and thereafter. The photographs in the registrations designated as Exhibit E were all contained within an archive of unauthorized digital copies of Maier Works created by Goldstein.

36. After accessing Maier's work, Goldstein created copies of the copyrighted Maier photographs without the Estate's consent and engaged in acts of widespread infringement through posting the photographs via online websites, the organization of public exhibitions, the publication of books containing reprints of the photographs, and the creation and sale of prints.

37. Each of the Defendants contracted with Goldstein to exhibit and sell certain prints made of Maier's photographs in violation of the Estate's copyrights. These photographs had never been published, and no permission was obtained from Maier or her estate to make, exhibit, or sell the prints, and no royalty was ever paid to Maier or her estate.

38. Defendants' acts of copyright infringement, as alleged above, have caused the Estate to suffer, and to continue to suffer, substantial damage to its business in the form of diversion of trade, loss of income and profits, and a dilution of the value of the Estate's copyrights.

39. Further, as a direct result of the acts of copyright infringement, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the copyrighted Maier Works. The Estate is entitled to disgorgement of Defendants' profits directly and indirectly attributable to his infringement of the Maier Works.

40. Defendants' actions have caused and are likely to cause substantial injury to the public and to the Estate, its business, goodwill, and reputation.

41. The Estate is entitled to injunctive relief prohibiting Defendants' further infringement, and to recover Defendants' profits associated with the infringement and the Estate's costs.

42. Defendants' film negatives, plates, copies, and other embodiments of Maier Works from which copies can be reproduced should be impounded and forfeited to the Estate as instruments of infringement, and all infringing copies created by Defendants should be impounded and forfeited to the Estate, under 17 U.S.C. §503.

## **PRAYER FOR RELIEF**

WHEREFORE, Maier prays for judgment as follows:

1. That Defendants and their respective agents and servants be enjoined from infringing the Estate's copyrights in any manner;

2. That Defendants forfeit to the Estate all infringing copies in their possession that have been made in violation of the exclusive rights of the Estate, the copyright owner;

3. That Defendants forfeit to the Estate all plates, film negatives, masters, computer files, and other articles by means of which infringing copies in violation of the exclusive rights of the Estate, the copyright owner, may be reproduced;

4. That Defendants make available to the Estate all information relating to any works of Vivian Maier that they hold or have held;

     5.   That Defendants account to the Estate for their profits and any damages sustained by Maier and the Estate arising from the foregoing acts of infringement;

     6.   That the Estate be awarded either (a) all profits of Defendants, and each of them, plus all losses of Maier, attributable to their infringement, the exact sum to be proven at the time of trial, or (b) statutory damages, under 17 U.S.C. § 504, as elected by the Estate prior to final judgment;

     7.   That the Estate be awarded enhanced damages and its reasonable attorneys' fees;

     8.   That the Estate be awarded pre-judgment interest as allowed by law;

     9.   That the Estate be awarded the costs of this action; and

     10. That the Estate be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

The Estate demands a jury trial on all the issues so triable.

Dated: June 30, 2017

                              BY:  THE ESTATE OF VIVIAN MAIER

                              Its counsel:

                              /s/James E. Griffith  
                              James E. Griffith  
                              Gregory J. Chinlund  
                              Julianne M. Hartzell  
                              Marshall, Gerstein & Borun LLP  
                              233 South Wacker Drive  
                              6300 Willis Tower  
                              Chicago, IL  60606-6357  
                              Telephone: (312) 474-6300  
                              Fax: (312) 474-0448  
                              Email: jgriffith@marshallip.com  
                              Email: gchinlund@marshallip.com  
                              Email: jhartzell@marshallip.com